**In re Sherry M. MAXWELL, Debtor.**

**No. 04–10997–GLP–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 26, 2005.

---

Albert H. Mickler, Jacksonville, FL, for Debtor.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Objection to Confirmation filed by U.S. Bank, N.A., as Trustee with respect to Structured Asset Securities Corporation FHA/VA Mortgage Pass Through Certificate Series 1998–RF3 ("US Bank"). Based upon the evidence presented and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### *FINDINGS OF FACT*

1. The Debtor, Sherry M. Maxell, filed a Chapter 13 petition on October 28, 2004.

The Debtor listed U.S. Bank as a secured creditor with a lien on the Debtor's principal residence.

2. US Bank's claim totaled $62,369.97, with an arrearage claim of $18,428.52. The arrearage figure included past due payments pf $17,782.62, prior bankruptcy attorney's fee/costs of $175.00, foreclosure costs of $316.50 and property preservation fees of $154.40.

3. The Debtor filed an Amended Chapter 13 Plan on April 4, 2005. The Plan proposed to pay regular monthly mortgage payments to U.S. Bank over a 60 month period, together with the $18,428.52 arrearage amortized over the duration of the plan.

4. The Plan also included the following language in paragraph D(5): "No allowed secured claimant shall be entitled to receive interest, late charges or other fees during the pendency of this Plan except as allowed by this Court by Modification Order pursuant to the applicable provisions of the Bankruptcy Code."

5. On November 19, 2004, U.S. Bank filed an objection to the Chapter 13 plan. A confirmation hearing was held on July 19, 2005.

### CONCLUSIONS OF LAW

Pursuant to the Objection to the Debtor's Chapter 13 plan, U.S. Bank argues that paragraph D(5) of the Chapter 13 plan violates § 1322(b)(2) of the Bankruptcy Code. According to 11 U.S.C. § 1322(b)(2), "Subject to subsections (a) and (c) of this section, the plan may—(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." US Bank contends that the prohibition, listed in paragraph D(5) of the Debtor's plan, of "interest, late charges or other fees" during the course of the Chapter 13 is an impermissible modification of the mortgage and thus violates § 1322(b)(2).

The accrual of postconfirmation interest, late charges and other fees may present a problem for a Chapter 13 debtor if no reporting mechanism is in place to inform the debtor of the accrual of such fees during the pendency of the case. For example, after the debtor completes the plan payments, he or she may be confronted with fees and other charges that accrued during the pendency of the case and, consequently, face the possibility of another foreclosure. In the present, while the Court recognizes the potential, precarious situation for the Debtor, unilaterally prohibiting "interest, late charges or other fees" unequivocally modifies the mortgage holder's contractual rights. Based upon the plain language of § 1322(b)(2), such a modification is not permissible. Therefore, U.S. Bank's objection to the Debtor's Chapter 13 plan is sustained. A separate order will be entered consistent with these Findings of Fact and Conclusions of Law.